**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Gurwinder Singh, <br><br> Petitioner, <br><br> v. <br><br> Merrick B. Garland, U.S. Attorney General, <br><br> Respondent. | No. 22-745 <br><br> Agency No. <br> A209-157-555 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2023[**]
San Francisco, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and BOLTON,[***]
District Judge.

Petitioner Gurwinder Singh, a native and citizen of India, petitions for

review of the Board of Immigration Appeals' (BIA) order affirming the

Immigration Judge's (IJ) denial of asylum, withholding of removal, and relief

---

[*]      This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Susan R. Bolton, United States District Judge for
the District of Arizona, sitting by designation.

under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition. *Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013).

Credibility findings are reviewed for substantial evidence and "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Cui*, 712 F.3d at 1336. Substantial evidence supports the adverse credibility determination. At the credible fear interview and in his initial declaration, Singh testified that he was twice beaten by local police and political factions, but his attackers said nothing to him. Before the IJ, Singh testified that his second attackers said they will kill him and associated themselves with the first attack. When confronted with the inconsistency, Singh blamed issues with the translator at his credible fear interview. But at the end of his interview, he affirmed the summary of his story and stated he understood the translator.

Singh argues that the BIA did not consider the record as a whole and that his testimony was consistent. The BIA and IJ properly considered his credible fear interview, declarations, and in-court testimony. *See Lizhi Qiu v. Barr*, 944 F.3d 837, 843 (9th Cir. 2019), overruled on other grounds by *Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021) (where an asylum officer's notes have "sufficient indicia of reliability . . . an IJ may consider inconsistencies between what a petitioner said to an asylum officer and the petitioner's testimony"). The BIA found the interview reliable after Singh's counsel failed to object to its admission.

2
22-745

And the different statements cannot be reconciled.

Singh argues that even if there was an inconsistency, it was immaterial and trivial. But the threat allegedly made during the second attack is the only basis by which Singh identifies his masked attackers and links the first attack to the second. Material inconsistencies do not need to go to the heart of the petitioner's claim, *see Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010), but this evidence is certainly central to Singh's claim and could properly be relied upon by the IJ in making an adverse credibility determination.

The documentary evidence does not compel reversing the credibility finding. Singh provided affidavits from interested parties including his father and other members of his political party. The IJ gave no weight to the affidavits because none of the witnesses were available for cross-examination. Petitioner provides no additional evidence to verify these documents. *See Mukulumbutu v. Barr,* 977 F.3d 924, 927 (9th Cir. 2020); *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). The IJ also did not rely on the medical document provided because the document was a summary prepared three years after the fact and bears the words "NOT FOR MEDICO-LEGAL PURPOSE." Substantial evidence supports the BIA's ruling that the additional documents do not rehabilitate Singh's credibility.

Without credible testimony or independent evidence, the record does not compel reversing the denial of asylum, withholding of removal, or relief under CAT.

Petition **DENIED.**[1]

---

[1] The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Dkt. No. 2) is otherwise denied as moot.